UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DAKA RESEARCH INC.,

                Plaintiff,    CASE No. 22-CV-60246-KMW

v.    Judge: Kathleen M. Williams

THE INDIVIDUALS, PARTNERSHIPS AND    Magistrate Judge: Alicia O. Valle
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"
                Defendant.

**PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT
AGAINST DEFENDANT AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

**I. INTRODUCTION**

Plaintiff, Daka Research Inc ("Plaintiff"), by and through its undersigned counsel, hereby moves this Honorable Court for an entry of final default judgment against Defendants, bad87hs, Wallfall Art, Shenzhen Bali Electronic Technology Co., Ltd., YYXJOBHD, Wocun Technology, hoomagicna and NGIUHW, sunpangzi ("Defaulting Defendants"). In support thereof, Plaintiff submits the following Memorandum of Law.

Plaintiff initiated this action against Defaulting Defendants through the filing of its Complaint for patent infringement. Defaulting Defendants are in default, and the prerequisites for a default judgment have been met. As relief, Plaintiff seeks default judgment finding Defaulting Defendants liable on all counts of Plaintiff's Complaint. Plaintiff prays such judgment includes the entry of a permanent injunction and an award of statutory damages to Plaintiff for Defaulting Defendants' willful infringement pursuant to 35 U.S.C. § 271.

///

///

## II. STATEMENT OF FACTS

### A. Plaintiff's Rights.

Plaintiff is the applicant and assignee of the U.S. Patent No. 7,398,714 B1 ("Plaintiff's Patent" or "'714 Patent"). Plaintiff's Products are distributed and sold to consumers throughout the United States, including consumer in Florida. Plaintiff is the lawful owner of all right, title, and interest in and to the federally patented '714 Patent.

The registration for the '714 Patent as to its designs is valid, in full force and effect pursuant to 35 U.S.C. §282. The registration for Plaintiff's patent constitutes *prima facie* evidence of their validity and of Plaintiff's exclusive right to use his Patents pursuant to 35 U.S.C. §§261, 282. '714 Patent have been used exclusively and continuously by Plaintiff and have never been abandoned.

Plaintiff's Automatic Jar Opener is known for its distinctive patented designs. Products embodying these designs are associated with the quality and innovation that the public has come to expect from Plaintiff's Products. Plaintiff uses these designs in connection with its Patented Products. Plaintiff is the lawful assignee of all right,title, and interest in and to the '714 Patent.

### B. Defaulting Defendants' Unlawful Activities

Defaulting Defendants dumped a large number of Infringing Products bearing the '714 Patent on the market, causing market chaos and caused a serious impact on Plaintiff's genuine and patented products. ("Fuliang Tang Decl. ¶7") Defaulting Defendants have willfully infringed the design of the '714 Patent by offering for sale, selling, and distributing counterfeit versions of Plaintiff's Automatic Jar Opener ("Infringing Products") to consumers in this Judicial District and throughout the United States. (Id.)

Specifically, orders were placed on Amazon.com from the Defendants' Seller Storefronts set forth in Schedule A of the Complaint of products from the Defaulting Defendants – all directly or indirectly bearing the designs of the '714 Patent at issue in this action. (Fuliang Tang Decl., ¶¶ 12-13) Each purchase was processed entirely online, and at the conclusion of the process, the purchase of the Infringing Products from the Defaulting Defendants' Seller Storefronts operating via amazon.com were captured and downloaded. (Fuliang Tang Decl., ¶¶ 12-13, Ex. 2). Following submission of said orders, payment for each of the items ordered were effectuated via transfer to Defaulting Defendants' respective Amazon accounts and PayPal accounts (Fuliang Tang Decl., ¶ 13, Ex. 2).

Fuliang Tang, the Market Manager of the Plaintiff, who has the ability to identify the distinctions between genuine and counterfeit copies of the same, conducted a review of all of the e-commerce stores operating under the Seller Storefronts, together with all of the items directly or indirectly bearing the '714 Patent offered for sale by Defaulting Defendants there under, and determined the Defaulting Defendants' products were not Plaintiff's patented products. (Fuliang Tang Decl., ¶13)

The Defaulting Defendants have never been authorized to manufacture, sell, or offer for sale its products bearing the '714 Patent. (Fuliang Tang Decl., ¶ 12) Moreover, the Defaulting Defendants are not licensees of Plaintiff or in any other manner licensed to import, sell, distribute, or manufacture any merchandise bearing the '714 Patent. (*Id*.) Defaulting Defendants' Infringing Products are indistinguishable from genuine products to consumers, both at the point of sale and post-sale. By using and incorporating the '714 Patent into Defaulting Defendants' infringing products, Defaulting Defendants have created a false association between their Infringing

Products, and those of Plaintiff, and wrongful injured Plaintiff's exclusive right to use the '714 Patent.

Defaulting Defendants are making substantial sums of money by preying upon members of the general public, many of whom have no knowledge Defaulting Defendants' products infringed the '714 Patent. Moreover, Defaulting Defendants' infringing products bearing the '714 Patent infringed Plaintiff's exclusive right to its Patent. Ultimately, Defaulting Defendants' Internet activities amount to nothing more than illegal operations, infringing on Plaintiff's intellectual property rights. The Storefronts and associated payment accounts are a substantial part of the means by which Defaulting Defendant further its scheme and cause harm to Plaintiff.

### C. Procedural Background

Plaintiff filed the Complaint [ECF No. 1] on February 2, 2022. Plaintiff amended its Complaint [ECF No. 9] on March 14, 2022. Defaulting Defendants were served with process on June 13, 2022. *See* Certificate of Service [ECF No. 20]. Pursuant to Federal Rule of Civil Procedure 12(a), Defaulting Defendants were required to file a response or answer to Plaintiff's Amended Complaint by July 13, 2022. To date, there is no indication that Defaulting Defendants Wallfall Art, YYXJOBHD, Wocun Technology, hoomagicna and NGIUHW, have answered or otherwise responded to the summons and Complaint, nor has Defaulting Defendants requested an extension of time to do so. On September 12, 2022, attorney for Defaulting Defendants bad87hs, Shenzhen Bali Electronic Technology Co., Ltd., sunpangzi file an unopposed motion to withdraw as attorney. [ECF Nos. 60, 61]. The Court granted above motion and requested Defaulting Defendants retain new counsel by November 7, 2022. Defaulting Defendants failed to retain new counsel as required by the Court. Plaintiff now moves the Court to grant Final Default Judgment against Defaulting Defendants.

### III. <u>ARGUMENT</u>

    **A.**    **Default Judgment Should be Entered Against Defaulting Defendants.**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338. Personal jurisdiction over Defaulting Defendants and venue in this district are proper under 28 U.S.C. §1391 as Defaulting Defendants' direct business activities toward consumers within this district and cause harm to Plaintiff's business through the Seller Storefronts (Compl. ¶ 22, 25.)

    **1.**    **Default Judgment is Proper.**

A court may order a default judgment pursuant to Fed. R. Civ. P. 55(b)(2) following the entry of default by the court clerk under Rule 55(a). See FED. R. CIV. P. 55. Upon entry of default by the clerk, the well-pled factual allegations of a plaintiff's complaint, other than those related to damages, will be taken as true. *PetMed Express, Inc. v. Medpets.com*, 336 F. Supp. 2d 1213, 1217 (S.D. Fla. 2004) (citing *Buchanan v. Bowman*, 820 F.2d 359 (11th Cir. 1987)). In this case, the Amended Complaint, pleadings, and declaration filed in support of Plaintiff's Motion for Entry of Final Default Judgment clearly demonstrate that default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure should be entered against Defaulting Defendant.

    **2.**    **Factual Allegations Establish Defaulting Defendants' Liability.**

Defaulting Defendants are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products that infringe directly and/or indirectly the design claimed in the '714 Patent.

Defaulting Defendants have infringed the '714 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defaulting Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to

exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283. The issue of "willful" infringement measures the infringing behavior, in the circumstances in which the infringer acted, against an objective standard of reasonable commercial behavior in the same circumstances. *Medtronic Xomed, Inc. v. Gyrus Ent LLC*, 440 F. Supp. 2d 1300, 1314 (M.D. Fla. 2006). The extent to which seller storefronts disregarded the property rights of Plaintiff, the deliberateness of Seller Storefronts' tortious acts and other manifestations of unethical and injurious commercial conduct provide the grounds for a finding of willful infringement and the enhancement of damages. See *Id*.

Defaulting Defendants' infringement, contributory infringement and/or inducement to infringe has injured Plaintiff. Therefore, Plaintiff is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

Defaulting Defendants' infringement, contributory infringement and/or inducement to infringe has been willful and deliberate because Defaulting Defendants have notice of or knew of the '714 Patent and have nonetheless injured and will continue to injure Plaintiff, unless and until this Court enters an injunction, which prohibits further infringement and specifically enjoins further manufacture, use, sale, importation and/or offer for sale of products or services that come within the scope of the '714 Patent.

Accordingly, Default Judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure should be entered against Defaulting Defendants.

**B.      Plaintiff's Requested Relief Should Be Granted.**

**1.      Entry of a Permanent Injunction is Appropriate.**

A district court "may grant injunctions in accordance with principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C

§ 283. "[I]n a default judgment setting, injunction relief is available. Defaulting Defendants' failure to respond or otherwise appear in this action makes it difficult for Plaintiffs to prevent further infringement absent an injunction." *Atmos Nation, LLC* v. *Pana Depot, Inc.,* No. 14-CIV-62620, 2015 WL 11198010, at *2 (S.D. Fla Apr. 8, 2015); *see also Jackson v. Sturkie,* 255 F. Supp. 2d. 1096 (N.D. Cal. 2003) ("[D]efendant's lack of participation in this litigation has given the court no assurance that defendant's infringing activity will cease. Therefore, Plaintiff is entitled to permanent injunctive relief.").

Permanent injunctive relief barring continued patent infringement is appropriate where a plaintiff demonstrates 1) it has suffered irreparable injury; 2) there is no adequate remedy at law; (3) the balance of hardship favors an equitable remedy; and (4) an issuance of an injunction is in the public's interest. *eBay, Inc. v. MercExchange, LLC*, 547. U.S. 388, 392-93, 126 S. Ct. 1837, 164 L. Ed. 2d 641 (2006). A court's analysis of these factors "proceeds with an eye to the 'long tradition of equity practice' granting injunctive relief upon finding of infringement in the vast majority of patent cases.'" *Presidio Components, Inc. v. Am. Tech. Cermaics Corpo.,* 702 F. 3d 1351, 1362 (Fed. Cir. 2012) (citation omitted) Indeed, "[a]bsent adverse equitable considerations, the winder of a judgment of validity and infringement may normally expect to regain the exclusivity that was lost with infringement.' *Edwards Lifesciences AG v. CoreValve, Inc.,* 699 F.3d 1305, 1314 (Fed. Cir. 2012) *cert. denied*, 134 S. Ct. 82 (2013). Here, the undisputed facts conclusively establish the prerequisites for a permanent injunction.

First, the record is clear Plaintiff would suffer irreparable harm absent an injunction because Defaulting Defendants are in direct competition with Plaintiff. Plaintiff is a practicing entity, i.e. is selling its own patented product, and therefore Defaulting Defendants are competitors whose continued sales of Automatic Jar Opener will damage Plaintiff's products quality,

reputation, and erode Plaintiff's price point. *See Jaguar Imports, LLC v. Phoenix Global Ventures, Inc.,* No. 6: 12-CV-1486-ORL-31, 2013 WL 3491160, at *3 (M.D. Fla. July, 2013)*; see also Zen Design Grp., Ltd. v. Clint,* Case No. 08-cv-14309, 2009 WL 4050247, at *5 (E.D. Mich. Nov 23, 2009)(entering a default judgment of patent infringement and finding irreparable harm where the infringement has caused, or is likely to cause, irreparable price erosion and injury to the patentee's goodwill in the market. As discussed above, Plaintiff is likely to suffer two primary forms of irreparable harm: (1) loss of customers' goodwill and (2) reputational harm. (Fuliang Tang Decl. at ¶¶ 22-27).

Second, Plaintiff has no adequate remedy at law. Defaulting Defendants' unauthorized use of the '714 Patent inhibits Plaintiff's ability to control its good reputation and goodwill. As such, given the facts in this case, a monetary award will not cure injury to Plaintiff's reputation and goodwill if Defaulting Defendants' infringing actions are allowed to continue. *See Badia Spices, Inc. v. Gel Spice Co.,* No. 1:15-CV24391-MGC, 2019 WL 7344820, at *2 (S.D. Fla. Oct. 23, 2019); *See also i4i Ltd. P'ship v. Microsoft Corp.*, 598 F. 3d 831, 862 (Fed.Cir.2010) (upholding finding that monetary damages were inadequate to compensate for patent infringement where patentee lost market share, brand recognition, and customer goodwill); *Reebook Int'l, Ltd. v. J. Barker, Inc.,* 32 F. 3d 1552, 1557 (Fed.Cir.1994)(recognizing that future infringement may have market effects never fully compensable in money).

Third, Plaintiff faces hardship from loss of sales and the inability to control its good reputation and goodwill in the marketplace. The harm to Plaintiff's business in the form of loss of reputation and price erosion clearly outweighs the harm of preventing Defaulting Defendants selling infringing products, which harm is clearly of their own making. *See Windsurfing Int'l Inc., v. AMF, Inc.,* 782 F. 2d 995, 100 n. 12 (Fed.Cir.1986) ("One who elects to build a business on a

product found to infringe cannot be heard to complaint if an injunction against continuing infringement destroys the business so selected.").

Fourth, the public interest is served by the entry of a permanent injunction in that "the public maintains an interest in protecting the rights of patent holders" and the product at issue is not of unusual "social benefit." *See Jaguar Imports, supra* at \*5. The public interest supports an issuance of a permanent injunction against Defaulting Defendants to prevent consumers from being misled by Defaulting Defendants' products, and potentially harmed by their inferior quality. As Plaintiff has demonstrated, Defaulting Defendants have been profiting from the sale of Infringing Products. Thus, the balance of equities tips decisively in Plaintiff's favor. The public is currently under the false impression that Plaintiff has granted a license or permission to Defaulting Defendants with respect to the '714 Patent. In this case, the injury to the public is significant, and the injunctive relief that Plaintiff seeks is specifically intended to remedy that injury by dispelling the public confusion created by Defaulting Defendants' actions. As such, equity requires that Defaulting Defendants be ordered to cease its unlawful conduct. "[A]n injunction to enjoin infringing behavior serves the public interest in protecting consumers from such behavior." *See Chanel, Inc. v. besumart.com*, 240 F. Supp. 3d 1283, 1291 (S.D. Fla. 2016); (alteration added; citation omitted)); see also *World Wrestling Entm't, Inc. v. Thomas*, No. 12-21018-CIV, 2012 WL 12874190, at \*8 (S.D. Fla. Apr. 11, 2012) (considering the potential for harm based on exposure to potentially hazardous counterfeit merchandise in analyzing public's interest in an injunction). Accordingly, Plaintiffs are entitled to a permanent injunction.

### 2. Plaintiff is Entitled to Monetary Damages.

Having established liability for patent infringement, a damages calculation must now take place. *See Arista Records, Inc. v. Beker Enters.,* 298 F. Supp. 2d 1310, 1312 (S.D. Fla 2003). As a

result of Defaulting Defendants' infringement of the Patents-In-Suit, Plaintiff is entitled to damages "adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer[.]" 35 U.S.C. § 284. Damages are typically calculated by either assessing actual damages in the form of lost profits or, if actual damages cannot be ascertained, by determining a reasonably royalty. *See IMX, Inc. v. E-Loan, Inc.*, 748 F. Supp. 2d 1354, 1361 (S.D. Fla. 2010). "A reasonable royalty can be calculated from an established royalty, the infringer's profit projections for infringing sales, or a hypothetical negotiation between the patentee and infringer based on the factors in *Georgia–Pacific Corp. v. U.S. Plywood Corp.*, 318 F.Supp. 1116, 1120 (S.D.N.Y.1970)." *Wordtech Sys., Inc. v. Integrated Networks Sols., Inc.*, 609 F.3d 1308, 1319 (Fed. Cir. 2010).

Plaintiff is entitled Defaulting Defendants' profit as reasonable royalty. Since Defaulting Defendants have chosen not to participate in these proceedings, Plaintiff has limited available information regarding Defaulting Defendants' profits from the sale of Infringing Products.

A breakdown by Defaulting Defendants of the amount currently restrained and Plaintiff's requested profit award as reasonable royalty is provided in the chart in Paragraph 5 of the Palmer Declaration. Decl. of Palmer, ¶ 5.

## IV.  **CONCLUSION**

For the reasons set forth above, Plaintiff respectfully request that this Court enter a Default Judgment against each Defaulting Defendants and a permanent injunction order prohibiting Defaulting Defendants from selling Infringing Products and transferring all assets in Defaulting Defendants' financial accounts, including those operated by PayPal, and Amazon, to Plaintiff.

Dated December 5, 2022.                                    Respectfully submitted,

/s/ Andrew J. Palmer

Andrew J. Palmer
The Law Offices of Jared W. Gasman, P.A.
5353 N. Federal Highway, Suite 402
Fort Lauderdale, FL 33308
Phone: 954-771-7050
ajpalmer@gasmanlaw.com
dkang@gasmanlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 5, 2022, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I certify that a true copy of the foregoing was served this 5th day of December 2022, upon Defaulting Defendants, via e-mail to the e-mail addresses at which Defaulting Defendants were served pursuant to the Court's Order granting *ex parte* motion for alternate service. [Dkt. No. 12]

Date: 12/5/2022 /s/ Andrew J. Palmer
Andrew J. Palmer
***Attorney for Plaintiff***