# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

DAKA RESEARCH INC.,

                    Plaintiff,                    CASE No. 22-CV-60246-KMW

v.                                               Judge: Kathleen M. Williams

THE INDIVIDUALS, PARTNERSHIPS AND      Magistrate Judge: Alicia O. Valle
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

                  Defendant.

## [PROPOSED] FINAL JUDGMENT ORDER

This action having been commenced by Plaintiff Daka Research Inc ("Plaintiff") against the fully interactive, e-commerce stores operating under the Storefronts identified on Schedule A to the Complaint, and Plaintiff having moved for Final Default Judgment against Defendants, bad87hs, Wallfall Art, Shenzhen Bali Electronic Technology Co., Ltd., YYXJOBHD, Wocun Technology, hoomagicna and NGIUHW, sunpangzi ("Defaulting Defendants").

This Court having entered upon a showing by Plaintiff a temporary restraining order and preliminary injunction against Defaulting Defendants which included an asset restraining order;

Plaintiff having properly completed service of process on Defaulting Defendants, the combination of providing notice via e-mail, along with any notice that Defaulting Defendants received from payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

Defaulting Defendants having failed to answer the Complaint or otherwise plead, and the time for answering the Complaint having expired;

1

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defaulting Defendants since Defaulting Defendants directly target their business activities toward consumers in the United States, including Florida.  Specifically, Defaulting Defendants have targeted sales to Florida residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Storefronts, offer shipping to the United States, including Florida, accept payment in U.S. dollars, and have sold products infringing directly and/or indirectly Plaintiff's Patent, U.S. Patent No. 7,398,714 B1 ("Plaintiff's Patent" or "'714 Patent").

THIS COURT FURTHER FINDS that Defaulting Defendants are liable for patent infringement (35 U.S.C. § 271).

IT IS HEREBY ORDERED that Plaintiff's Motion for Entry of Default Judgment is GRANTED in its entirety, that Defaulting Defendants are deemed in default and that this Final Judgment is entered against Defaulting Defendants.

ACCORDINGLY, IT IS ORDERED that:

1. Defaulting Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be permanently enjoined and restrained from:

   a. manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products that infringing upon the '714 Patent; and

   b. secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any Infringing Products; (ii) any evidence relating to the infringing activities; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled,

    or held by, or subject to access by, any Defaulting Defendants, including, but not limited to, any assets held by or on behalf of any Defaulting Defendants.

  c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2. Upon Plaintiff's request, any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of Defaulting Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as eBay Inc. ("eBay"), Amazon.com, Inc. ("Amazon") (collectively, the "Third Party Providers") shall within ten (10) business days after receipt of such notice disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of infringing goods using '714 Patent.

3. Plaintiff is awarded profits from each of the Defaulting Defendants for infringing use of '714 Patent on products sold through at least the Defaulting Defendants' Online Marketplaces according to the below chart:

| Defaulting Defendant Seller Aliases | Amount Restrained | Requested Profit Award |
|---|---|---|
| bad87hs | $65,925.37 | $65,925.37 |
| Wallfall Art | $1,344.72 | $1,344.72 |
| Shenzhen Bali Electronic Technology Co., | $42,165.27 | $42,165.27 |
| YYXJOBHD | $1,039.16 | $1,039.16 |
| Wocun Technology | $1,473.49 | $1,473.49 |
| hoomagicna | $1,140.07 | $1,140.07 |
| NGIUHW | $1,750.41 | $1,750.41 |
| sunpangzi | $1,087.56 | $1,087.56 |

4. Plaintiff may serve this Order on Third Party Providers, including but not limited to PayPal, Inc.("PayPal"), and Amazon Pay, by e-mail delivery to the e-mail addresses Plaintiff used to serve the Temporary Restraining Order on the Third Party Providers.

5. Any Third Party Providers holding funds for Defaulting Defendants, including PayPal, and Amazon Pay, shall, within ten (10) business days of receipt of this Order, permanently restrain and enjoin any financial accounts connected to Defaulting Defendants' Seller Aliases or Online Marketplaces from transferring or disposing of any funds, up to the above identified damages award, or other of Defaulting Defendants' assets.

6. All monies, up to the above identified damages award, currently restrained in Defaulting Defendants' financial accounts, including monies held by Third Party Providers such as PayPal and Amazon Pay, are hereby released to Plaintiff as partial payment of the above-identified damages, and Third Party Providers, including PayPal, and Amazon Pay, are ordered to release to Plaintiff the amounts from Defaulting Defendant's financial accounts within ten (10) business days of receipt of this Order.

7. Until Plaintiff has recovered full payment of monies owed to it by the Defaulting Defendants, Plaintiff shall have the ongoing authority to serve this Order on Third Party Providers, including PayPal, and Amazon Pay, in the event that any new financial accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, Third Party Providers, including PayPal, and Amazon Pay, shall within ten (10) business days:

    a. locate all accounts and funds connected to Defaulting Defendants' Seller Aliases and Online Marketplaces, including, but not limited to, any financial accounts connected to the information listed in Schedule A, and any e-mail addresses provided for Defaulting Defendants by third parties;

    b.   restrain and enjoin such accounts or funds from transferring or disposing of any money or other of Defaulting Defendant's assets; and

    c.   release all monies, up to the above identified damages award, restrained in Defaulting Defendants' financial accounts to Plaintiff as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

8.   In the event that Plaintiff identifies any additional online marketplaces or financial accounts owned by Defaulting Defendants, Plaintiff may send notice of any supplemental proceeding to Defaulting Defendants by e-mail at the e-mail addresses provided by Amazon and any e-mail addresses provided for Defaulting Defendants by third parties.

9.   The ten thousand dollar ($10,000.00) surety bond posted by Plaintiff is hereby released to Plaintiff or their counsel, Jared W. Gasman Attorney, P.A. The Clerk of the Court is directed to return the surety bond previously deposited with the Clerk of the Court to Plaintiff or their counsel.

This is a Final Judgment.

**DONE AND ORDERED** in Chambers in Florida, on this __ day of_____, 2022.

 

                                        **Kathleen M. Williams**
                                        **United States District Judge**