UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-60246-WILLIAMS/VALLE

DAKA RESEARCH, INC.,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendants.

_____

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court upon Plaintiff's Motion for Entry of Final Default against Defendants (ECF No. 70) (the "Motion"). United States District Judge Kathleen Williams referred the Motion to the undersigned for a Report and Recommendation. (ECF No. 71). Upon review of the Motion, supporting declarations, and the record in this matter, the undersigned recommends that Plaintiff's Motion be **GRANTED** for the reasons discussed below.

### I.    BACKGROUND

In October 2022, the undersigned entered an initial Report and Recommendation on Plaintiff's Motion for Entry of Final Default against Defendants (ECF No. 55) (the "initial Motion for Default Judgment"), recommending that the initial Motion for Default Judgment be denied because it: (i) was premature pending a determination of the merits regarding certain corporate Defendants who had filed an answer and remained in the case; and (ii) Plaintiff failed to provide information regarding the proper amount of damages. (ECF No. 66 at 3-7); *see also* (ECF No. 66 at

3 n.3) (noting that the corporate Defendants filed answer and affirmative defenses, but failed to retain counsel as ordered by the Court).

Plaintiff has since cured the procedural deficiencies by: (i) obtaining a Clerk's default against the corporate Defendants; and (ii) providing a declaration to support the damages requested. *See* (ECF No. 68) (directing the Clerk of Court to enter a default against Defendants bad87hs, Shenzhen Bali Electronic Technology Co., Ltd., and sunpangzi); (ECF No. 69) (Clerk's entry of default as to Shenzhen Bali Electronic Technology Co., Ltd, bad87hs, sunpangzi); (ECF No. 70-2 at 3) (listing the Defaulting Defendants' profits through online marketplaces). The instant Motion followed.

In the Motion, Plaintiff again seeks a final default judgment against the Defaulting Defendants (as defined in the Motion). Thus, the initial Report and Recommendation is incorporated by reference and this Report and Recommendation addresses the merits of the Motion.

Relevant to the Motion, in March 2022, Plaintiff filed a First Amended Complaint alleging claims of infringement of its '714 Patent by Defendants, who allegedly make, use, offer for sale, sell, distribute and/or import into the United States for subsequent sale and use unauthorized and unlicensed products, specifically the Automatic Jar Opener of the '714 Patent.[1] *See generally* (ECF No. 9 at 1). The Amended Complaint seeks a permanent injunction. *Id.* at 10. The Amended Complaint further seeks that those with notice of the injunction, including, without limitation, any online marketplace platforms such as Amazon (collectively, the "Third Party Provider") disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of goods that infringe the Patent claimed in the Plaintiff's Patents.[2] *Id.*

---

[1] Although the initial Complaint was filed on February 2, 2022 asserting claims against three Defendants, the Amended Complaint alleges claims against 10 Defendants. *Compare* (ECF No. 1-5)*, with* (ECF Nos. 8, 9).

[2] Capitalized terms not otherwise defined will have the meaning set forth in the Amended Complaint or Motion.

In addition, the Amended Complaint seeks an award of damages adequate to compensate Plaintiff for Defendants' infringement of Plaintiff's Patents, but not less than a reasonable royalty for the use of the invention by Defendants, together with interest and costs, pursuant to 35 U.S.C. § 284, which may be increased threefold. *Id.* at 10-11. Alternatively, the Amended Complaint seeks all profits realized by Defendants from their infringement of Plaintiff's Patents, pursuant to 35 U.S.C. § 289. *Id.* at 11. Lastly, Plaintiff seeks its reasonable attorneys' fees and costs. *Id.*

Upon Court Order authorizing alternate service, *see* (ECF Nos. 12, 14), Plaintiff served Defendants with their respective Summonses, Amended Complaint, and all filings in this matter via publication by posting the documents on the website permitted by the District Court and by email providing Defendants with the URL to said website. *See* (ECF Nos. 20, 20-1). The Clerk of Court has also entered a default as to the Defaulting Defendants. *See* (ECF Nos. 39, 40) (Clerk's Default for Defendants Wallfall Art, YYXJOBHD, Wocun Technology, hoomagicna, and NGIUHW); (ECF No. 69) (Clerk's Default for Defendants Shenzhen Bali Electronic Technology Co., Ltd, bad87hs, sunpangzi).

In the Motion, Plaintiff seeks a default judgment against the Defaulting Defendants for failing to answer or otherwise respond to the Amended Complaint. *See generally* (ECF No. 70).

## II.     DISCUSSION

### A.     Jurisdiction

Before entering a default judgment, the Court must ensure that it has jurisdiction over the claims. *Innovative Sports Mgmt., Inc. v. Sulca*, No. 20-CV-20203, 2020 WL 3183243, at *2 (S.D. Fla. June 15, 2020) (citing *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007)). Here, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (providing for federal question jurisdiction) and 1338 (governing actions involving patents,

3

copyrights, and trademarks, among others). Personal jurisdiction over the Defaulting Defendants and venue in this District are also proper under 28 U.S.C. §1391 as Plaintiff alleges that the Defaulting Defendants direct business toward consumers within this District and cause irreparable harm to Plaintiff's business through the Seller Storefronts. (ECF No. 9 ¶¶ 22, 24).

### B.    Default Judgment is Proper

Under Federal Rule of Civil Procedure 55(b)(2), this Court may enter a final judgment of default against a defendant who has failed to plead in response to a complaint. A defaulting defendant "admits the plaintiff's well-pleaded allegations of fact [in the complaint], is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (citations omitted). "Although a plaintiff generally does not need to include detailed allegations in the complaint, the plaintiff must assert more than just conclusory statements or a 'formulaic recitation of the elements of a cause of action.'" *Childs v. Com. Recovery Sys., Inc.*, No. 13-CV-21923, 2014 WL 12860594, at *2 (S.D. Fla. Feb. 24, 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Because a defendant admits only those facts that are well pled, the default itself does not create the basis for entry of final default judgment. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975);[3] *Childs*, 2014 WL 12860594, at *1 (a motion for default judgment "is not granted as a matter of right"). Instead, a court must determine whether the factual allegations are well-pled and provide a sufficient basis for the judgment. *Nishimatsu*, 515 F.2d at 1206; *see also Grant v. Wash. Recovery Servs., LLC*, No. 13-CV-62216, 2014 WL 11706459, at *2 (S.D. Fla. Jan. 29, 2014). Moreover, a defaulting defendant does not admit allegations that are mere

---

[3] Pursuant to *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit.

4

conclusions of law. *Transamerica Corp. v. Moniker Online Servs., LLC*, No. 09-CV-60973, 2010 WL 1416979, at *1 (S.D. Fla. Apr. 7, 2010) (citing *Nishimatsu*, 515 F.2d at 1206); *see also Childs*, 2014 WL 12860594, at *1.

      **C.**      **Patent Infringement Claim**

The Patent Act provides that whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent. 35 U.S.C § 271. If the resemblance between the two designs is sufficient to deceive the ordinary observer, inducing him/her to purchase one thinking it was the other, then the first one patented is infringed by the other. *Pride Fam. Brands, Inc. v. Carl's Patio, Inc.*, 992 F. Supp. 2d 1214, 1224 (S.D. Fla. 2014) (citation omitted). A proper comparison may include a side-by-side view of the design patent drawings and the accused products, and minor differences between a patented design and the design of an accused product does not preclude a finding of infringement. *Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1243 (Fed. Cir. 2009).

Here, Plaintiff alleges a claim for infringement of the '714 Patent against the Defaulting Defendants pursuant to 35 U.S.C. § 271. *See generally* (ECF No. 9). According to the Amended Complaint, Defendants "without any authorization or license from Plaintiff, have jointly and severally, knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe directly and/or indirectly the Plaintiff's Patents." (ECF No. 9 ¶ 22); *see also* (ECF No. 5-2 ¶ 21) (Declaration of Fuliang Tang in Support of Ex Parte Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets, hereinafter "Tang Decl."). Plaintiff also alleges that Defendants have infringed the Plaintiff's Patents and will continue to do so unless enjoined by the Court.

(ECF No. 9 ¶ 27). Plaintiff further alleges that Defendant's wrongful conduct has caused Plaintiff to suffer irreparable harm from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. *Id.*; *see also* Tang Decl. ¶ 24 ("Plaintiff is further irreparably harmed by the unauthorized making, using, offering for sale, selling, or importing of goods that infringe Plaintiff's Patents because infringers take away Plaintiff's ability to control the nature and quality of the Infringing Products.").

The Amended Complaint further alleges that Defendants: (i) either individually or jointly, operate one or more e-commerce stores; (ii) are in constant communication with each other and regularly participate in QQ.com chat rooms and through websites (such as sellerdefense.cn, kaidianyo.com, and kuajingvs.com) regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits; and (iii) are an interrelated group of infringers working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Infringing Products in the same transaction, occurrence, or series of transactions or occurrences. (ECF No. 9 ¶¶ 12, 20, 22); Tang Decl. ¶¶ 18-21.

Based on these allegations, which are admitted upon Defendants' default, Plaintiff has satisfied the elements to establish a claim for patent infringement.

### D. Remedies Available to Plaintiff

Plaintiff requests injunctive relief and monetary damages. *See* (ECF No. 70 at 6-12).

#### 1. *Injunctive Relief*

A district court "may grant injunctions in accordance with principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283. "[I]n a default judgment setting, injunctive relief is available. The [Defaulting] Defendants' failure to respond or otherwise appear in this action makes it difficult for Plaintiff to prevent further

infringement absent an injunction." *Atmos Nation, LLC v. Pana Depot, Inc.*, No. 14-CV-62620, 2015 WL 11198010, at *2 (S.D. Fla Apr. 8, 2015) (citation omitted).

Permanent injunctive relief to prevent continued patent infringement is appropriate where a plaintiff demonstrates that: (i) it has suffered irreparable injury; (ii) there is no adequate remedy at law; (iii) the balance of hardship favors an equitable remedy; and (iv) an issuance of an injunction is in the public's interest. *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). A court's analysis of these factors "proceeds with an eye to the 'long tradition of equity practice' granting injunctive relief upon finding of infringement in the vast majority of patent cases.'" *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 702 F. 3d 1351, 1362 (Fed. Cir. 2012) (citation omitted). Indeed, "[a]bsent adverse equitable considerations, the winner of a judgment of validity and infringement may normally expect to regain the exclusivity that was lost with infringement.' *Edwards Lifesciences AG v. CoreValve, Inc.,* 699 F.3d 1305 (Fed. Cir. 2012).

Plaintiff's Amended Complaint alleges that Defendants: (i) set up and operate e-commerce stores that target consumers using one or more Seller Storefronts; (ii) concurrently employ and benefit from substantially similar advertising and marketing strategies; (ii) engage in fraudulent conduct when registering the Seller Storefronts by providing false, misleading and/or incomplete information to e-commerce platforms; (iii) are an interrelated group of infringers working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, an sell Infringing Products; and (iv) without authorization or license from Plaintiff, have jointly and severally, knowingly and willfully offered for sale, sold and/or imported products that infringe directly or indirectly on Plaintiff's Patents. (ECF No. 9 ¶¶ 15, 16, 17, 22). Plaintiff further alleges that Defendant's wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss

7

of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. *Id.* ¶ 27.

Plaintiff also asserts that it has no adequate remedy at law. (ECF No. 70 at 8). More specifically, according to Plaintiff, the Defaulting Defendants' unauthorized use of the '714 Patent inhibits Plaintiff's ability to control its good reputation and goodwill and a monetary award will not cure the injury to Plaintiff if the Defaulting Defendants are allowed to continue their infringing conduct. *Id.*; *see Badia Spices, Inc. v. Gel Spice Co., Inc.*, No. 15-CV-24391, 2019 WL 7344820, at *2 (S.D. Fla. Oct. 23, 2019) (entering permanent injunction where monetary award would not cure injury to plaintiff's reputation and goodwill). Plaintiff also faces hardship from loss of sales and its inability to control its reputation in the marketplace. (ECF No. 70 at 8). Conversely, the Defaulting Defendants face no hardship if they are prohibited from the infringement of Plaintiff's Patents, to which they have no right.

Moreover, the public interest supports the issuance of a permanent injunction against the Defaulting Defendants to prevent consumers from being misled by Defendants' products, and potentially harmed by their inferior quality. *See Chanel, Inc. v. besumart.com*, 240 F. Supp. 3d 1283, 1291 (S.D. Fla. 2016) ("[A]n injunction to enjoin infringing behavior serves the public interest in protecting consumers from such behavior.") (citation omitted); *see also World Wrestling Entm't, Inc. v. Thomas*, No. 12-CV-21018, 2012 WL 12874190, at *8 (S.D. Fla. Apr.11, 2012) (considering the potential that consumers will be misled, confused, and disappointed by the quality of the infringing products in analyzing public interest factor for injunctive relief).

Lastly, broad equity powers allow the Court to fashion injunctive relief necessary to stop the Defaulting Defendants' infringing activities. *See, e.g., Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971) ("Once a right and a violation have been shown, the scope of a district

court's equitable powers to remedy past wrongs is broad[.] The essence of equity jurisdiction has been the power of the Chancellor to do equity and to mould [sic] each decree to the necessities of the particular case." (citation and quotation marks omitted)). Accordingly, based on the alleged facts in the Amended Complaint, Plaintiff is entitled to a permanent injunction.

    2.    *Monetary Damages*

Plaintiff's Amended Complaint also alleges damages under 35 U.S.C § 284 (governing infringement damages) and 35 U.S.C. §289 (providing additional remedies for infringement of design patent). *See* (ECF No. 9 at 11). Plaintiff's Motion, however, focuses on damages under 35 U.S.C § 284. *Compare* (ECF No. 9 at 11)*, with* (ECF No. 70 at 9-10).

Pursuant to 35 U.S.C § 284, a patentee is entitled to damages adequate to compensate for the infringement, but in no event less than a reasonable royalty. A reasonable royalty can be calculated from an established royalty, the infringer's profit projections for infringing sales, or a hypothetical negotiation between the patentee and infringer. *Wordtech Sys., Inc v. Integrated Networks Sols., Inc.*, 609 F.3d 1308, 1319 (Fed. Cir. 2010); *see also Volkswagen Grp. of Am., Inc. v. Varona*, No. 19-CV-24838, 2021 WL 1997573, at *16 (S.D. Fla. May 18, 2021) (granting gross profit damages for willful patent infringement). The Court may also increase damages up to three times the amount assessed. 35 U.S.C. § 284.

Here, based on the record before the Court, the undersigned finds that Plaintiff is entitled to monetary damages based on the Defaulting Defendants' profits. More specifically, in the Motion, Plaintiff has estimated the reasonable royalties to be the amounts currently restrained by Third Party Providers holding funds for the Defaulting Defendants. (ECF No. 70-1 at 2). In support of its request for monetary damages, Plaintiff has submitted the Declaration of Andrew Palmer, which lists amounts held by Amazon in the Defaulting Defendants' known financial accounts. *Id.* These

9

amounts range from $1,039.16 to $65,925.37 for each of the Defaulting Defendants. *Id.* The Defaulting Defendants have chosen not to participate in these proceedings. Therefore, without objection or contrary evidence regarding the monetary damages, the undersigned recommends that Plaintiff be awarded the amounts listed in the Palmer Declaration and proposed Final Judgment as reasonable monetary damages on Plaintiff's patent infringement claim against the Defaulting Defendants.[4] (ECF Nos. 70-1 at 2, 70-2).

### III.  RECOMMENDATION

For the reasons set forth above, the undersigned respectfully recommends that Plaintiff's Motion for Entry of Final Default Judgment Against the Defaulting Defendants (ECF No. 70) be **GRANTED**.

Within **fourteen days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2022); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida on July 14, 2023.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc:  U.S. District Judge Kathleen Williams
　　 All Counsel of Record

---

[4] The Proposed Final Judgment is at ECF No. 70-2, for the District Judge's consideration.